|  |  |
|---|---|
| JEFFREY S. NEDD,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>LANDON BIRD,<br><br>　　　　　　Respondent. | Case No.   1:22-cv-00704-HBK (HC)<br><br>ORDER DENYING PETITIONER'S MOTION FOR DISCOVERY<br><br>(Doc. No. 13) |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

　　　　Petitioner Jeffrey S. Need ("Petitioner"), a state prisoner proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 on June 10, 2022. (Doc. No. 1, "Petition"). On December 5, 2022, Petitioner filed a pleading entitled "Notice and Subpoena – Questions for Oral Deposition." (Doc. No. 13). The Supreme Court has instructed federal courts to liberally construe the "inartful pleading[s]" of pro se litigants. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982). Thus, the Court construes Petitioner's "Notice and Subpoena – Questions for Oral Deposition" as a motion for discovery.

　　　　Although discovery is available pursuant to Rule 6 of the Rules Governing Section 2254 cases, it is granted only at the Court's discretion, and upon a showing of good cause. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997)("Parties in habeas cases, unlike those in ordinary civil cases,

have no right to discovery."); *Jones v. Wood*, 114 F.3d 1002, 1009 (9th Cir. 1997). Here, Respondent's motion to dismiss the Petition as untimely is currently pending before the Court (Doc. No. 8); thus, Petitioner's construed motion for discovery will be denied without prejudice as premature. In the event Respondent is ordered to respond to the Petition, Petitioner may renew his motion upon a showing of good cause once the matter is fully briefed. Similarly, if the Court determines that a status conference is warranted after reviewing the completed briefing, it will schedule one at that time. *See* Rules Governing Section 2254 Cases, R. 8(a).

Accordingly, it is **ORDERED**:

Petitioner's construed Motion for Discovery (Doc. No. 13) is DENIED.

Dated:   December 13, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2