1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JEFFREY S. NEDD,                    Case No.  1:22-cv-00704-JLT-HBK (HC)

12              Petitioner,              FINDINGS AND RECOMMENDATIONS TO
                                         GRANT RESPONDENT'S MOTION TO
13        v.                             DISMISS PETITION AS UNTIMELY[1]

14   LANDON BIRD,                        FOURTEEN-DAY OBJECTION PERIOD

15              Respondent.              (Doc. Nos. 1, 8)

16

17

18        Pending before the Court is Petitioner Jeffrey S. Nedd's pro se petition for writ of habeas

19   corpus under 28 U.S.C. § 2254 constructively filed with this Court on June 6, 2022.[2]  (Doc. No. 1,

20   "Petition").  In response, Respondent filed a Motion to Dismiss.  (Doc. No. 8).  Petitioner filed an

21   opposition (Doc. No. 11), and Respondent filed a reply.  (Doc. No. 12).  For the reasons stated

22   below, the undersigned recommends the district court grant Respondent's motion to dismiss and

23   dismiss the petition as untimely.

24        ////

25   ──────────────────

26   [1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302
     (E.D. Cal. 2022).

27   [2] The Court applies the "prison mailbox rule" to *pro se* prisoner petitions, deeming the petition filed on the
     date the prisoner delivers it to prison authorities for forwarding to the clerk of court.  *Houston v. Lack*, 487
     U.S. 266 (1988); *Campbell v. Henry*, 614 F.3d 1056, 1059 (9th Cir. 2010).

28    .

# I.  BACKGROUND

Petitioner is serving a state prison sentence of twelve (12) years for his plea-based conviction for corporal injury to a spouse and forcible rape entered by the Fresno County Superior Court on March 18, 2019.  (Doc. No. 1 at 1).  Petitioner's conviction and sentence were affirmed after appeal by the California Court of Appeal, Fifth Appellate District, on June 1, 2020. (Doc. No. 9-2).  Petitioner then filed five post-conviction collateral challenges in the state courts, all petitions for writ of habeas corpus, as follows:[3]

1.  Fresno County Superior Court

Filed: August 12, 2020

Denied: October 13, 2020

2.  Fresno County Superior Court

Filed: January 13, 2021

Denied: February 25, 2021

3.  California Court of Appeal, Fifth Appellate District

Filed: March 31, 2021

Denied: June 17, 2021

4.  California Court of Appeal, Fifth Appellate District

Filed: August 18, 2021

Denied: October 7, 2021

5.  California Supreme Court

Filed: November 23, 2021

Denied: April 27, 2022

(Doc. Nos. 9-3 – 9-12).  As noted, Petitioner constructively filed the instant Petition on June 7, 2022. (Doc. No. 1).  Petitioner makes the following claims for relief: (1) his plea was not knowing and voluntary because Petitioner was mentally incompetent at the time of his no contest

---

[3] In his reply, Petitioner generally asserts that "none" of Respondent's or Petitioner's "calculations take into account the prison mailbox rule or that the 'date of filing' is not necessarily the same date as the day the court received the petition."  (Doc. No. 11 at 4).  Respondent states in the Motion to Dismiss that the listed filing dates received the benefit of the mailbox rule.  (Doc. No. 8 at 2 n.2).

1  plea; and (2) ineffective assistance of counsel in violation of the Sixth and Fourteenth

2  Amendment for allowing Petitioner to enter a no contest plea while mentally incompetent.  (*Id*. at

3  5-7).

4  　　　Respondent submits the Petition should be dismissed because it is untimely.  (*See*

5  *generally* Doc. No. 8).  In reply, Petitioner argues he is entitled to statutory tolling for the periods

6  during which he was seeking state habeas review; and, in the alternative, equitable tolling due to

7  the effect of Covid-19 causing a delay in the handling of inmate mail, the delay in the processing

8  of his habeas petitions by the state courts, and the impediments of Petitioner's access to the law

9  library.  (Doc. No. 11).

10  **II.  APPLICABLE LAW AND ANALYSIS**

11  　　　Under Rule 4, if a petition is not dismissed at screening, the judge "must order the

12  respondent to file an answer, motion, or other response" to the petition.  R. Governing 2254 Cases

13  4.  The Advisory Committee Notes to Rule 4 state that "the judge may want to authorize the

14  respondent to make a motion to dismiss based upon information furnished by respondent."  In

15  *White v. Lewis*, 874 F.2d 599, 602-03 (9th Cir. 1989), the Ninth Circuit held that a motion to

16  dismiss based on procedural default is proper in habeas proceedings.  Since that time, the Ninth

17  Circuit has affirmed cases where habeas petitions were dismissed on a respondent's motion to

18  dismiss for untimeliness.  *Orthel v. Yates*, 795 F.3d 935, 938 (9th Cir. 2015) (affirming district

19  court's grant of respondent's motion to dismiss petition as untimely because petitioner "did not

20  establish an exceptional circumstance that would warrant equitable tolling"); *Stancle v. Clay*, 692

21  F.3d 948, 951 (9th Cir. 2012) (same); *Velasquez v. Kirkland*, 639 F.3d 964, 966 (9th Cir. 2011).

22  **A.  Petition Not Timely Filed Under AEDPA's Statute of Limitations**

23  　　　Title 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act

24  of 1996, sets a one-year period of limitations to the filing of a habeas petition by a person in state

25  custody.  This limitation period runs from the latest of:

26  　　　　　(A) the date on which the judgment became final by the conclusion
       of direct review or the expiration of the time for seeking such
27  　　　　　review;

28  　　　　　(B) the date on which the impediment to filing an application

3

created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  For most habeas petitioners, the one-year clock starts to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  42 U.S.C. § 2244(d)(1)(A).  Here, the Court of Appeal affirmed Petitioner's conviction on June 1, 2020.  (Doc. No. 9-2).  Petitioner did not file a petition for review in the California Supreme Court.  The last day Petitioner was permitted to file a petition for review was 40 days after the Court of Appeal's opinion was filed; and the limitations period begins running the following day.  *See Smith v. Duncan*, 297 F.3d 809 (9th Cir. 2002), *overruled on other grounds by Pace v. DeGuglielmo*, 544 U.S. 408 (2005).  Direct review therefore concluded on July 11, 2020, when the forty day period for seeking review expired.  For the purposes of § 2244(d)(1)(A), AEDPA's one-year statute of limitations began running the next day on July 13, 2020.[4]  Petitioner had until Tuesday, July 13, 2021 to file his federal habeas petition, absent statutory or equitable tolling.  *See Patterson v. Stewart*, 251 F.3d 1243, 1246-47 (9th Cir. 2001) (adopting anniversary method to calculate one-year statutory period).  Petitioner filed his federal petition on June 7, 2022.  (Doc. No. 1).  Thus, absent any applicable tolling, the instant petition is barred by the statute of limitations.

**1.  Statutory Tolling**

The federal statute of limitations tolls for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  An application for post-conviction or other collateral review is "pending" in state court "as long as the ordinary state collateral review

---

[4] Because July 12, 2020 was a Sunday, the Court starts AEDPA's clock on the next business day, Monday, July 13, 2020.

1    process is 'in continuance'—*i.e.*, 'until the completion of' that process.'" *Carey v. Saffold*, 536

2    U.S. 214, 219 (2002) (citations omitted). "California's collateral review system differs from that

3    of other States in that it does not require, technically speaking, appellate review of a lower court

4    determination." *Id*. at 221. Instead, petitioners are required to file an original habeas petition and

5    a subsequent appeal in each level of court (superior, appellate, and supreme) within a

6    "reasonable" period. *Id.* at 221-22; *Robinson v. Lewis,* 9 Cal. 5th 883, 897 (2020) ("There are no

7    specific time limits for either filing the first [habeas] petition or filing subsequent petitions in a

8    higher court. Instead, California courts employ a *reasonable*ness standard. The claim must

9    generally be presented without substantial delay."). A petition is considered no longer "pending,"

10   and the petitioner is barred from AEDPA statutory tolling, if an unreasonable amount of time

11   elapsed between the filing of state court habeas petitions. *Saffold*, 536 U.S. at 221.

12          To determine whether a habeas claim was filed within a reasonable amount of time,

13   California courts consider three factors. *Robinson,* 9 Cal. 5th at 897. First, "a claim must be

14   presented without *substantial delay.*" *Id*. (emphasis in original). "'Substantial delay is measured

15   from the time the petitioner or his or her counsel knew, or reasonably should have known, of the

16   information offered in support of the claim and the legal basis for the claim.'" *Id*. (quoting *In re*

17   *Robbins*, 18 Cal. 4th 770, 780 (1998)). Second, if a petition was filed with substantial delay, a

18   petition may yet be considered on the merits if the "petitioner can demonstrate *good cause* for the

19   delay." *Id*. (emphasis in original). Third, a petition filed without good cause for substantial delay

20   will be considered if it falls under one of four narrow exceptions. *Id*. Only three of the four

21   exceptions are relevant to noncapital cases: (1) the "'error of constitutional magnitude led to a

22   trial that was so fundamentally unfair that absent the error no reasonable judge or jury would have

23   convicted the petitioner;'" (2) "'the petitioner is actually innocent of the crime or crimes of which

24   he or she was convicted;'" and (3) "'the petitioner was convicted or sentenced under an invalid

25   statute.'" *In re Reno*, 55 Cal. 4th 428, 460 (2012) (quoting *Robbins*, 18 Cal. 4th at 780). The

26   California Supreme Court has opined that a six-month gap delay would normally be "unduly

27   generous," but adopted "a time period of 120 days as the safe harbor for gap delay" for the filing

28   of habeas petitions between state court levels. *Robinson*, 9 Cal. 5th at 901. "A new petition filed

1  in a higher court within 120 days of the lower court's denial will never be considered untimely

2  due to gap delay." *Id.*

3        For petitions filed in a "reasonable time," a petitioner may count as "pending" the "days

4  between (1) the time the lower state court reached an adverse decision, and (2) the day he filed a

5  petition in the higher state court." *Evans v. Chaviz*, 546 U.S. 189, 193 (2006).  This Court "must

6  itself examine the delay in each case and determine what the state courts would have held in

7  respect to timeliness." *Id.* at 198.

8        Here, AEDPA's statute of limitations began running on Monday, July 13, 2020, upon the

9  conclusion of direct review per § 2244(d)(1)(A), and continued to run until Petitioner filed his

10  first state habeas petition on August 12, 2020.  (*See* Doc. No. 9-3).  "AEDPA's statute of

11  limitations is not tolled from the time a final decision is issued on direct state appeal and the time

12  the first state collateral challenge is filed because there is no case 'pending' during that interval."

13  *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).  Accordingly, 29 days elapsed on the

14  AEDPA clock between the conclusion of direct review and the filing of Petitioner's first state

15  habeas petition.  Because Petitioner's first state habeas petition was "properly filed," the statute of

16  limitations was tolled from its filing on August 12, 2020 (Doc. No. 9-3) until its denial on

17  October 13, 2020.  (Doc. No. 9-4); *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (A state habeas

18  petition is "'properly filed' when its delivery and acceptance are in compliance with the

19  applicable laws and rules governing filings."); *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005).

20        After the superior court denied Petitioner's first state habeas petition, Petitioner

21  "proceeded downward" by filing a second petition in the state superior court on January 13, 2021

22  that raised the same claims as those raised in his first petition.  (Doc. No. 9-5).  Statutory tolling is

23  not available for periods between petitions that do not seek relief in a progression from the state

24  superior court, appellate court, and supreme court.  *Nino*, 183 F.3d 1003, 1006-07 (limitations

25  period "remains tolled during the intervals between the state court's disposition of a state habeas

26  petition and the filing of the petition at the next state appellate level."); *Delhomme v. Ramirez*,

27  340 F.3d 817, 821 n.3 (9th Cir. 2003) ("[T]he crucial issue for tolling purposes is whether the

28  petitioner has timely proceeded to the next appellate level, since the one year filing period is

1    tolled to allow the opportunity to complete one full round of review."); *Stockton v. Barnes*, 2014

2    WL 5325422, at *6 (E.D. Cal. Oct. 17, 2014) ("Because petitioner did not proceed up the ladder

3    to the next higher court, such filing does not toll the limitations period."). Here, Petitioner

4    consecutively sought habeas relief twice in the state superior court. As noted by Respondent, the

5    superior court cited to *In re Clark*, 5 Cal. 4th 750 (1993) and declined to reconsider Petitioner's

6    claims that were already raised and rejected in his prior petition. (Doc. No. 12 at 3; Doc. No. 9-6

7    at 2). "For tolling to be applied based on a second round, the petition cannot be untimely or an

8    improper successive petition." *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010). For all of

9    these reasons, the second petition did not stop the AEDPA clock that commenced running again

10   on October 14, 2020 after the denial of Petitioner's first petition.

11        Petitioner's third state habeas petition was filed in the court of appeal on March 31, 2021

12   and denied on June 17, 2021. (Doc. Nos. 9-7, 9-8). Respondent argues that Petitioner gains no

13   tolling from his third state habeas petition. (Doc. No. 8 at 5). First, because the second superior

14   court habeas petition was not properly filed, as discussed *supra*, it is as if the second petition

15   never existed. *See Lakey v. Hickman*, 633 F.3d 782, 785-86 (9th Cir. 2011). Consequently, only

16   if the Court determines that the168-day delay between the denial of the first state petition by the

17   superior court (October 13, 2020) and the filing of the third petition in the court of appeal (March

18   31, 2021) was "reasonable" is Petitioner entitled to statutory tolling. *Robinson*, 9 Cal. at 901.

19        Turning to the three *Robinson* factors, the Court must first ask whether the petition was

20   presented without "substantial delay." *Robinson,* 9 Cal.5th at 897. A 168-day delay is

21   considerably longer than the 120-day period of California's safe harbor. *Id*. Courts have

22   consistently found a delay of this length is substantial. *See Walker v. Brazelton*, 2021 WL

23   3401291, at *1 (E.D. Cal. Aug. 4, 2021) (refusing to reconsider whether petitioner was entitled to

24   gap tolling under *Robinson* because he waited over five months to file second habeas petition

25   after denial of first); *Clarke v. Matteson*, 2021 WL 6693711, at *5 (C.D. Cal. Sept. 8, 2021)

26   (petitioner not entitled to gap tolling under *Robinson* when he waited 191 days to file petition

27   after prior denial because nothing suggested "gap was reasonable or justified"), *report and*

28   *recommendation adopted by* 2022 WL 228151 (C.D. Cal. Jan. 25, 2022); *Manley v. Davey*, 2021

1   WL 1102724, at *8 (E.D. Cal. Mar. 23, 2021) (petition untimely, and therefore not properly filed,

2   when petitioner waited "nearly five months" before filing the second action), *report and*

3   *recommendation adopted by* 2021 WL 2805645 (E.D. Cal. July 6, 2021).  Thus, the Court finds

4   the delay substantial and not reasonable under state law.

5           The Court now turns to the other two factors.[5]  Under the second factor, where a petition

6   was filed with substantial delay, a petition may yet be considered on the merits if the "petitioner

7   can demonstrate *good cause* for the delay."  *Id.*  (emphasis in original).  Here, Petitioner argues

8   that there was no 168-delay because the superior court did not deny his first petition on its merits;

9   rather, the superior court

> rejected the petition because petitioner did not attach the standard
> pro. per. form to the front of his petition for writ of habeas corpus.
> (Note: It took the Superior Court clerk 62 days to reject this initial
> writ petition.)  Petitioner re-filed the exact same petition, adding
> only the standard pro. per. form to the front, on January 13, 2021
> and it was denied on February 25, 2021 (43 days).  Petitioner filed
> his writ petition in the [Fifth] District Court of Appeal on March
> 31, 2021 – 34 days after the Superior Court denied his petition on
> the merits. Thus, of the 168-day delay between the Superior Court's
> denial of the first petition and the filing in the Court of Appeal, 105
> of those days are attributable to the Superior Court and not
> petitioner.  As such, petitioner only used 63 days of the 120-day
> safe harbor permitted in Robinson v. Lewis . . ., and therefore, his
> petition in the Court of Appeal was timely within the meaning of 28
> U.S.C. § 2244(d)(2).

18   (Doc. No. 11 at 2).  This argument is unavailing.  First, as noted by Respondent, the superior

19   court denied Petitioner's first state petition on the merits in a four-page reasoned decision.  (Doc.

20   No. 12 at 2; Doc. No. 9-4).  The superior court denied Petitioner's first claim because it had

21   already been raised and rejected by the appellate court on direct review; and the court rejected his

22   second claim because Petitioner failed to demonstrate he was mentally incompetent at the time he

23   entered his plea, or that counsel's performance fell below an objective standard of reasonableness

24   or was prejudicial.  (*Id.*).  Second, Petitioner also fails to present any evidence that he was curing

25   an alleged deficiency in the first petition by filing his second petition.  (*See generally* Doc. No.

26   11).  Third, as discussed above, in the order denying Petitioner's second petition, the superior

27

28
---
[5] The Court independently addresses the second and third *Robinson* factors because the Respondent fails to
address either of these factors in its Motion.  (*See* Doc. No. 8 at 5-6).

1  court noted that Petitioner filed a previous petition for writ of habeas corpus raising identical

2  claims, and declined to reconsider Petitioner's claims that were already raised and rejected in his

3  prior petition.  (Doc. No. 9-6).  Finally, even considering the reasons asserted by Plaintiff that he

4  is entitled to equitable tolling, discussed *infra*, Plaintiff has not demonstrated good cause for the

5  delay.

6         Third, a petition filed without good cause for substantial delay will be considered if it falls

7  under one of four narrow exceptions.  *Id*.  Only three of the four exceptions are relevant to

8  noncapital cases: (1) the "'error of constitutional magnitude led to a trial that was so

9  fundamentally unfair that absent the error no reasonable judge or jury would have convicted the

10 petitioner;'" (2) "'the petitioner is actually innocent of the crime or crimes of which he or she was

11 convicted;'" and (3) "'the petitioner was convicted or sentenced under an invalid statute.'"  *In re*

12 *Reno*, 55 Cal. 4th 428, 460 (Cal. 2012) (quoting *Robbins*, 18 Cal. 4th at 780).  Petitioner has not

13 presented any evidence of a constitutional error leading to a fundamentally unfair trial, or that he

14 is actually innocent of his crime of conviction, or that he was convicted under an invalid statute.

15 Indeed, Petitioner entered a no contest plea to the charges.  (Doc. No. 1 at 1).  Therefore, the

16 untimely third petition was not "properly filed" under state law for purposes of § 2244(d)(2).

17 Because the third petition was untimely under state law "none of the time before or during the

18 court's consideration of that petition is statutorily tolled."  *Bonner v. Carey*, 425 F.3d 1145, 1149

19 (9th Cir. 2005).

20        Petitioner filed a fourth petition on August 18, 2021, also in the court of appeal, asserting

21 identical claims as his previous petitions.  (Doc. No. 9-9).  This petition is similarly untimely, for

22 all the same reasons discussed; and in the alternative, the petition did not proceed to the next level

23 of review.  *See Pace*, 544 U.S. at 414 ("When a postconviction petition is untimely under state

24 law, 'that [is] the end of the matter' for purposes of § 2244(d)(2).");  *Delhomme*, 340 F.3d at 821

25 n.3 ("[T]he crucial issue for tolling purposes is whether the petitioner has timely proceeded to the

26 next appellate level, since the one year filing period is tolled to allow the opportunity to complete

27 one full round of review.").  For both of these reasons, the fourth state habeas petition was not

28 properly filed, and therefore does not toll the statute of limitations.

1    In summary, giving Petitioner the benefit of 63 days of tolling for his first state habeas

2    petition and finding Petitioner is not entitled to any tolling for his second petition or third

3    petitions, the AEDPA clock commenced running again on October 14, 2020 and continued to run

4    for another 336 days until it expired on September 15, 2021.[6]  Consequently, Petitioner's federal

5    petition, filed on June 7, 2022, was filed more than eight months after the AEDPA limitations

6    period expired.  Therefore, the Petition must be dismissed as time barred unless Petitioner can

7    demonstrate that he is entitled to equitable tolling.

8                                **2.  Equitable Tolling**

9    AEDPA's statutory limitations period may be equitably tolled.  *Holland v. Florida*, 560

10   U.S. 631, 645 (2010).  Equitable tolling is available if a petitioner shows: "(1) that he has been

11   pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and

12   prevented timely filing."  *Id*. at 649.  To show "extraordinary circumstances," a petitioner must

13   show that "the circumstances that caused his delay are both extraordinary and beyond his

14   control"—a high threshold.  *Menominee Indian Tribe of Wisconsin v. United States*, 577 U.S.

15   250, 255 (2016).  "The requirement that extraordinary circumstances 'stood in [a petitioner's]

16   way' suggests that an *external* force must cause the untimeliness."  *Waldron-Ramsey v. Pacholke*,

17   556 F.3d 1008, 1011 (9th Cir. 2009) (emphasis added).  Furthermore, a petitioner must show that

18   the extraordinary circumstances *caused* the untimely filing of his habeas petition.  *See Bills v.*

19   *Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citing *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir.

20   2003) (explaining that equitable tolling is available only when the extraordinary circumstances

21   were the cause of the petitioner's untimeliness); *Smith v. Davis*, 953 F.3d 582, 595 (9th Cir. 2020)

22   ("Whether an impediment caused by extraordinary circumstances prevented timely filing is a

23   'causation question.'").

24

---

25   [6] At the time Petitioner filed his fifth petition in state supreme court on November 23, 2021 (Doc. No. 9-
     11), the limitations period had expired. The filing of a state habeas petition after the limitations period

26   expired cannot revive the statute of limitations, and has no tolling effect. *Ferguson v. Palmateer,* 321 F.3d
     820, 823 (9th Cir. 2003); *Jiminez v. Rice,* 276 F.3d 478, 482 (9th Cir. 2001) (where petitioner filed his

27   state post-conviction relief petition after AEDPA statute of limitations period expired, delay results in
     absolute time bar).  Thus, the petition filed in the California Supreme Court had no tolling effect on the

28   limitations period.

To demonstrate that he has been pursuing his rights diligently, a petitioner must show that he has "been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court." *Smith*, 953 F.3d at 598-99.  In other words, "when [a petitioner] is free from the extraordinary circumstance, he must also be diligent in actively pursuing his rights." *Id*. at 599.  The diligence required for equitable tolling does not have to be maximum feasible diligence, but rather reasonable diligence.  *Holland*, 560 U.S. at 653.  And the court is not to impose a rigid impossibility standard on petitioners, especially *pro se* prisoner litigants "who have already faced an unusual obstacle beyond their control during the AEDPA litigation period." *Fue v. Biter*, 842 F.3d 650, 657 (9th Cir. 2016) (quoting *Sossa v. Diaz*, 729 F.3d 1225, 1236 (9th Cir. 2013)).  However, "in every instance reasonable diligence seemingly requires the petitioner to work on his petition with some regularity—as permitted by his circumstances—until he files it in the district court." *Smith*, 953 F.3d at 601.  Because Petitioner must show diligence before, during, and after those extraordinary circumstances that prevented him from filing, the relevant time period of the court's analysis is July 13, 2020, the day the statute of limitations began to run, to June 7, 2022, the day Petitioner signed and constructively filed his federal petition.  *See Smith*, 953 F.3d at 598-99.  Admittedly, "the threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1062, 1066 (9th Cir. 2002) (citations omitted).

Petitioner argues he is entitled to equitable tolling because any "perceived delay" in filing his state petitions was due to (1) "the effect Covid-19 had on the various courts as well as the California Department of Corrections handling of inmate mail"; and (2) lack of access to the law library during the first year of COVID-19.  (Doc. No. 11 at 3-5).  Respondent argues that Petitioner has not met his burden to demonstrate he is eligible for equitable tolling.  (Doc. No. 12 at 5-7).

First, Petitioner generally claims that habeas petitions and inmate mail were not "a priority during the pandemic," which, according to Petitioner explains why it took the superior court two months to issue a decision on his first habeas petition.  (Doc. No. 11 at 3-4).  Petitioner also

contends that at the time he filed his first petition court personnel were working from home, which explains the time frame in considering his first petition.  (*Id*. at 5).  Essentially Petitioner argues equitable tolling should apply because he exercised all due diligence in pursuing his rights, and any delay was the result of circumstances beyond petitioner's control.  (*Id*.).  As argued by Respondent, Petitioner "makes assertions regarding the state courts' handling of his habeas actions based on pure assumptions" and does not offer any evidence that staff was working remotely or whether there was any undue delay in processing habeas petitions during the COVID-19 pandemic.  (Doc. No. 12 at 6).  Conclusory allegations about delays and difficulties will not toll the statute of limitations.  *See Dragasits v. Covello*, 2022 WL 207730, at *7 (S.D. Cal. Jan. 24, 2022) (noting petitioner seeking equitable tolling due to the COVID-19 pandemic "must still demonstrate fact-specific circumstances related to the pandemic that hindered his ability to timely file a habeas petition"); *Dones v. Allison*, 2022 WL 17979758, at *5 (S.D. Cal. Dec. 28, 2022) (refusing equitable tolling based on pandemic where petitioner did not explain how the lack of access to the library, phone calls, and standard mail impeded his ability to timely file his petition).

Moreover, as to any alleged inmate mail "delays," Petitioner has received the benefit of the mailbox rule in assessing timeliness and all calculations are based on the date Petitioner signed the petitions or the proof of service date. Finally, an independent review of the processing of Petitioner's state petitions does not support Petitioner's general argument that the mail and/or processing of his state petitions were unduly delayed.  For example, Petitioner's first state petition was signed on August 12, 2020, postmarked by prison officials on August 14, 2020, file stamped by the court on August 17, 2020, and a decision issued on October 13, 2020.  (Doc. Nos. 9-3, 9-4).  Petitioner's second state petition was signed on January 13, 2021, postmarked by prison officials on January 14, 2021, file-stamped by the court on January 15, 2021, and a decision issued on February 25, 2021.  (Doc. Nos. 9-5, 9-6).  Petitioner fails to demonstrate how COVID-19-related delays in the processing of mail and the processing of his habeas petitions in the state court system prevented him from timely filing his federal petition.

Second, Petitioner offers a single sentence argument that he is entitled to equitable tolling because "it was also difficult to gain access to the law library during the first year of Covid."

(Doc. No. 11 at 4).  In general, unpredictable lockdowns or library closures do not constitute extraordinary circumstances warranting equitable tolling.  *See United States v. Van Poyck*, 980 F. Supp. 1108, 1111 (C.D. Cal. 1997) (inability to secure copies of transcripts from court reporters and lockdowns at prison lasting several days and allegedly eliminating access to law library were not extraordinary circumstances and did not equitably toll one-year statute of limitations); *Galaz v. Harrison*, 2006 WL 768813, at *5 (E.D. Cal. Mar. 27, 2006).  Moreover, "[c]ourts have found that general claims of lack of access to the prison law library due to restrictions resulting from COVID-19 are not 'extraordinary circumstances" justifying equitable tolling.  Instead, a petitioner must allege specific facts showing how such COVID-19-related lockdowns 'actually prevented' the petition from timely filing a petition." *Davis v. Kibler*, 2022 WL 2121907, at *6 (C.D. Cal. Feb. 24, 2022) (citing *Dragasits*, 2022 WL 207730, at *8 (collecting cases)).

Here, as above, Petitioner provides no evidence showing how or when his access to the law library was restricted or how any such restrictions affected his ability to timely file his federal Petition.  Moreover, he fails to explain how circumstances differed on August 12, 2020, January 13, 2021, March 31, 2021, August 18, 2021, November 23, 2021, and June 7, 2022, "when respectively, he filed his five state petitions and his federal petition and how he could not use the same means to sooner and properly exhaust his state remedies and file his federal petition."  (Doc. No. 12 at 7).  In other words, even assuming, *arguendo*, that Petitioner had shown that his access to the law library was limited, which he has not, he alleges no facts showing that the access he had was not sufficient.  *See Lara v. McDowell*, 2021 WL 2805644, at *7 (E.D. Cal. July 6, 2021) (noting that despite COVID-19 protocols instituted at the prison, petitioner managed to file four state habeas petitions and a federal petition during the pandemic, and concluding that petitioner was not entitled to equitable tolling because he did not demonstrate how his lack of access to the law library prevented him from timely filing his petition).

The undersigned finds Petitioner fails to carry his burden of demonstrating extraordinary circumstances that caused the untimely filing of his Petition.  Consequently, because the undersigned recommends Petitioner be denied equitable tolling, the undersigned recommends the Petition be dismissed as untimely.

1

**III. CERTIFICATE OF APPEALABILITY**

2      State prisoners in a habeas corpus action under § 2254 do not have an automatic right to

3  appeal a final order.  *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36

4  (2003).  To appeal, a prisoner must obtain a certificate of appealability.  28 U.S.C. § 2253(c)(2);

5  *see also* R. Governing Section 2254 Cases 11 (requires a district court to issue or deny a

6  certificate of appealability when entering a final order adverse to a petitioner); Ninth Circuit Rule

7  22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).  Where, as here, the court

8  denies habeas relief on procedural grounds without reaching the merits of the underlying

9  constitutional claims, the court should issue a certificate of appealability only "if jurists of reason

10 would find it debatable whether the petition states a valid claim of the denial of a constitutional

11 right and that jurists of reason would find it debatable whether the district court was correct in its

12 procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "Where a plain procedural bar

13 is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist

14 could not conclude either that the district court erred in dismissing the petition or that the

15 petitioner should be allowed to proceed further."  *Id*.  Here, reasonable jurists would not find the

16 undersigned's conclusion debatable or conclude that petitioner should proceed further.  The

17 undersigned therefore recommends that a certificate of appealability not issue.

18      Accordingly, it is **RECOMMENDED**:

19      1.  Respondent's Motion to Dismiss (Doc. No. 8) be **GRANTED**.

20      2.  The Petition (Doc No. 1) be dismissed as untimely.

21      3.  Petitioner be denied a certificate of appealability.

22  ////

23  ////

24  ////

25

**NOTICE TO PARTIES**

26      These findings and recommendations will be submitted to the United States district judge

27 assigned to the case, pursuant to the provisions of U.S.C. § 636(b)(1).  Within fourteen (14) days

28 after being served with these findings and recommendations, a party may file written objections

14

with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).


Dated:    March 6, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE