**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEFFREY S. NEDD,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>LANDON BIRD,<br><br>　　　　Respondent. | Case No.: 1:22-cv-0704 JLT HBK<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING RESPONDENT'S MOTION TO DISMISS<br><br>(Docs. 8, 18) |

Jeffrey S. Nedd is proceeding *pro se* with a petition for habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) On August 26, 2022, Respondent filed a motion to dismiss the petition for habeas corpus. (Doc. 8.) Petitioner opposed the motion. (Doc. 11.) On March 7, 2023, the assigned magistrate judge found the habeas petition was untimely, and Petitioner did not establish that statutory and/or equitable tolling was warranted. Therefore, the magistrate judge recommended the motion to dismiss be granted and the petition be dismissed. (Doc. 18.)

The Findings and Recommendations were served on Petitioner by mail on March 7, 2023, and it contained notice that any objections were to be filed within 14 days after service. (Doc. 18 at 14-15.) The parties were also informed "failure to file objections within the specified time may waive the right to appeal the District Court's order." (*Id.* at 15, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014); *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991).) Petitioner did not file objections or otherwise respond to the Findings and Recommendations, and the deadline to do so has expired.

1

According to 28 U.S.C. § 636(b)(1)(C), this Court conducted a *de novo* review of this case. Having carefully reviewed the entire matter, this Court concludes the Findings and Recommendations are supported by the record and by proper analysis. Petitioner had until July 13, 2021, to file a timely federal habeas petition. *See Patterson v. Stewart*, 251 F.3d 1243, 1245-46 (9th Cir. 2001) (state prisoners had a one-year grace period in the absence of tolling to file their habeas petitions following the enactment of the Antiterrorism and Effective Death Penalty Act of 1996). Petitioner filed his petition nearly a year after any petition should have been filed and failed to show he was entitled to statutory or equitable tolling.

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a court's denial, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. If a court denies a habeas petition on the merits, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his … part." *Miller-El*, 537 U.S. at 338.

The Court finds reasonable jurists would not find the determination that the Petition should be dismissed as untimely to be debatable or wrong, or that the issues presented are deserving of encouragement to proceed further. Thus, the Court declines to issue a certificate of appealability. Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations issued on March 7, 2023 (Doc. 18) are **ADOPTED** in full.
2. Respondent's motion to dismiss (Doc. 8) is **GRANTED**.
3. The petition for writ of habeas corpus (Doc. 1) is **DISMISSED** as untimely.
4. The Court declines to issue a certificate of appealability.

///

///

5. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **March 29, 2023**

UNITED STATES DISTRICT JUDGE